[Sac. No. 550.  Department Two.—November 22, 1899.]

## THE LAKE SHORE CATTLE COMPANY, Respondent, v. THE MODOC LAND AND LIVESTOCK COMPANY, Appellant.

NEW TRIAL—ENGROSSMENT OF STATEMENT—REFERENCE TO DOCUMENTS ON FILE.—A statement on motion for new trial is not defectively engrossed for the purposes of the hearing on the motion, where it makes exact reference to documents on file in the action, as exhibits, with the direction "here insert," without transcribing them at length, though in printing the transcript on appeal the documents referred to must be inserted at length.

ID.—DISMISSAL OF MOTION—ABUSE OF DISCRETION.—Where the party moving for a new trial engrossed the statement and presented it to the judge for his signature in due time, and trifling omissions noted by him were at once corrected, but the judge departed from the county, and remained absent for a month, and, after a return of ten days, again left the county, and during his second absence, a motion to dismiss the motion for negligence of the mover was served, upon the hearing of which the properly engrossed statement was presented to the judge for his certification, the dismissal of the motion for negligence was an abuse of discretion.  The omission to present the statement during the interval of ten days was not such gross negligence as to warrant the dismissal.

APPEAL from orders of the Superior Court of Modoc County dismissing a motion for new trial and refusing to vacate the order of dismissal and from an order taxing costs.  J. W. Harrington, Judge.

The facts are stated in the opinion of the court.

Spencer & Raker, and Clarence L. Raker, for Appellant.

Jarret T. Richards, E. C. Bonner, G. F. Harris, H. L. Spargur, and D. W. Jenks, for Respondent.

HENSHAW, J.—This appeal is from the order of court dismissing defendant's motion for a new trial for want of diligence in its prosecution, and for unnecessary and vexatious delay in the engrossment of the statement on the motion. The statement on motion for a new trial was settled upon September 25, 1896, by the Hon. C. L. Claflin, then judge of the trial court, and the judge who tried the cause. The moving party was given until November 25, 1896, to engross the statement as settled. Before November 25th the statement was delivered to the adverse attorneys for comparison, and to the judge for his certificate and signature. It did not receive the judge's signature, but no intimation was made to appellant's attorneys, either by the judge or by opposite counsel, that the engrossed statement was defective or incomplete. Later appellant's attorneys obtained possession of the engrossed statement, and presented it to the judge for his signature on December 30, 1896. The judge's term of office was about to expire, and the attorneys were informed that he proposed leaving the county and going to Los Angeles, as in fact he did. The judge returned to and was present at the county seat for about ten days in the early part of the month of February, but during that time the attorney for the appellant who had charge of this particular matter, being much pressed with other business affairs, neglected to re-present the statement to the judge. On February 17th, the plaintiff in the action served notice upon defendant of its motion to dismiss defendant's motion for a new trial upon the indicated grounds, and upon the same day served a subpoena *duces tecum* upon one of the attorneys for defendant to produce the settled statement. Upon the hearing these facts were disclosed, and in addition it was shown that Judge Claflin had never refused to sign the engrossed statement, but had made objection to signing the statement offered to him upon the ground that it was incomplete in certain particulars. Appellant here further showed that it had been unable to forward the statement to Judge Claflin in Los Angeles, or to take it to him for his certification, because of the subpoena *duces tecum* which had been served upon its attorney, and it sought leave of

court to withdraw the statement and take it to Judge Claflin for his certification.   Permission to do so was refused.   The alleged defect in the engrossed statement was that certain documents on file in the action had not been transcribed at length, but exact reference had been made to them as exhibits, with the direction "here insert."   But as to documents on file, this is a sufficient engrossment for the purposes of the hearing before the trial court.   It is a procedure countenanced by the code (Civ. Code, sec. 648), and justified by our decisions.   Of course, in printing the transcript on appeal to this court the documents must be inserted at length.   (*Sharon v. Sharon,* 79 Cal. 633; Hayne on New Trial and Appeal, sec. 156 et seq.)

Aside from any consideration of the question of the court's power to dismiss a motion for a new trial pending the settlement of the statement upon the motion, and conceding that it has such power, we think its exercise under the circumstances indicated was an abuse thereof.   Appellant had engrossed and presented its statement in due time.   Judge Claflin's refusal to certify to it seems to have been based upon one or two minor and trifling omissions which were at once corrected.   He left the county the day after this refusal, remaining away for a month and returning for but ten days in the early part of February.   Within a few days after his second departure this motion to dismiss was noticed and served.   At the hearing appellant showed a statement engrossed within the meaning of the law and sought leave of court to obtain the certification of Judge Claflin, for Judge Claflin had never refused to act, and in fact at a later time, as appears by another appeal in this case, did actually certify to the statement presented to him.   If it be said that the appellant was negligent in not seeking out the judge and obtaining his signature during the ten days of his last stay in the county seat, it was not, we think, negligence so gross or of such consequence as to warrant the extreme penalty imposed by the court.

We think in so doing that the court abused its discretion.

The second appeal, that from defendant's motion to vacate the order of dismissal, upon the ground that it was improvidently made, needs no consideration.

The third appeal, that from the order of the court taxing

costs, presents no especial matters calling for comment. The evidence was sufficient to support the items allowed by the court, and they appear to have been legal charges.

The order of the court taxing costs is therefore affirmed, and the order of the court dismissing defendant's motion for a new trial is reversed.

McFarland, J., and Temple, J., concurred.