[Sac. No. 5245. In Bank.—October 21, 1938.]

PHILIP AMBROSE et al., Appellants, v. AMERICAN TOLL BRIDGE COMPANY (a Corporation) et al., Respondents.

Clarence A. Henning, Sherman G. Blood and Morgan A. Sanborn for Appellants.

Dunn, White & Aiken, Joseph M. Raines and Breed, Burpee & Robinson for Respondents.

WASTE, C. J.—Motion to dismiss appeal for failure to file a record on appeal within the prescribed period. The motion is supported by a certificate of the county clerk, which shows the following facts: On December 9, 1936, the trial court rendered judgment in favor of defendants and against plaintiffs. This judgment was entered May 8, 1937. On July 10th motion for new trial was heard and denied, and on July 15th notice of the ruling was given to plaintiffs. On August 9th plaintiffs filed notice of appeal from the judgment and from the order denying a new trial. Thereafter they secured extensions of time to September 8th within which to prepare and file their proposed bill of exceptions. On the latter date they served defendants with a proposed bill consisting of one page and one-quarter of typewritten statements, which form merely referred to matters alleged to have taken place on trial of the action, and prior and subsequent thereto, without any description of or reference by which the matters or proceedings could be ascertained or identified. Defendants gave notice of motion to strike this document from the files, and also notice of motion to terminate proceedings on appeal.

The motion to strike was heard on November 24, 1937. The court found that plaintiffs had not used diligence or attempted in good faith to file a proposed bill of exceptions

or draft thereof as required by section 650 of the Code of Civil Procedure; it found that the skeleton form was not such a bill or draft, and struck it from the files.

The motion to terminate proceedings was heard on December 28, 1937. The court found that plaintiffs had taken no steps to procure and pay for a reporter's transcript; that their time for preparing and filing a bill of exceptions had expired on September 8th; that no proceedings were pending with the clerk of the court for preparation of a record on appeal; that the time within which such record could be filed had expired; and that plaintiffs had not prosecuted their appeal with due diligence or good faith. The court therefore granted defendants' motion and ordered that all proceedings for preparation of a record on appeal be terminated. This order was signed on January 11th and filed on January 14, 1938.

Meanwhile, and on January 3, 1938, plaintiffs had filed an affidavit in this court asking for an extension of time within which to file a transcript on appeal on the ground that they desired to apply for writ of mandate to compel settlement of bill of exceptions, or to apply for relief under section 473 of the Code of Civil Procedure. This court granted an extension of time to March 4th, and thereafter granted successive extensions to June 28th, when a request for still more time was denied. On June 24th defendants filed the present motion to dismiss the appeal. The motion was heard by this court on July 5th. At that time plaintiffs requested and were allowed ten days within which to file points and authorities in opposition to the motion and fifteen days within which to file a transcript. These documents have never been filed.

 It is now impossible for plaintiffs to obtain a record on appeal. The time within which they might have obtained an original bill of exceptions (secs. 650 and 1054, Code of Civ. Proc.), or a record under the alternative method (sec. 953a, Code Civ. Proc.), has expired. Although plaintiffs averred in their affidavit filed in this court on January 3d that they desired to move for writ of mandate to require the trial court to settle the bill, or to apply for relief under section 473 of the Code of Civil Procedure, they failed to pursue either remedy. The period within which they might have applied for relief under section 473 of the Code of Civil Procedure

expired in May, 1938, six months after entry of the order of November 24, 1937, striking the proposed bill. ▉ So far as *mandamus* is concerned, it is the rule that where a proposed bill is lacking in the very essentials of a bill of exceptions, writ of mandate will not issue to compel its settlement. (*Dainty Pretzel Co.* v. *Superior Court,* 7 Cal. App. (2d) 437 [45 Pac. (2d) 817].) Plaintiffs took no appeal from the order of January 14, 1938, terminating proceedings in the trial court, and the time within which such appeal could have been taken has expired. (*Howland* v. *Howland,* 11 Cal. (2d) 20 [77 Pac. (2d) 475].) ▉ Where the statutory period within which a record on appeal may be prepared and filed under either of the methods provided by law for perfecting an appeal has expired, and proceedings for procuring a transcript on appeal have been terminated by the trial court, a motion for dismissal is proper and must be granted. (*Bank of America etc. Assn.* v. *Haddan,* 23 Cal. App. (2d) 596 [73 Pac. (2d) 946]; *Hunter* v. *Paxton,* 136 Cal. App. 332 [28 Pac. (2d) 1075].)

The appeal is dismissed.

Shenk, J., Curtis, J., Edmonds, J., Langdon, J., and Seawell, J., concurred.