[S. F. No. 16673. In Bank. July 2, 1942.]

JOSEPH SKERNSWELL, Petitioner, v. GEORGE W. SCHONFELD, as Judge, etc., et al., Respondents.

Marcel E. Cerf, Robinson & Leland and Henry Robinson for Petitioner.

Joseph A. Brown and A. E. Cross for Respondents.

TRAYNOR, J.—This case raises a problem of procedure upon which the parties have presented a stipulation of facts. In March, 1940, Julius Neustadt brought an action in the superior court against Joseph Skernswell, and on May 26, 1941, that court gave judgment in favor of Neustadt. On

May 29th findings of fact, conclusions of law, and the judgment were filed with the county clerk. On July 10th a motion for a new trial was denied, and on July 18th defendant filed notice of appeal. The appeal is now pending in this court. On July 28th the trial judge, at plaintiff's request, signed an order setting time of hearing the accounting by the referee, an order directing the referee to take possession of real property and to collect all rents and income, and an order directing the referee in partition to sell real property. Copies of the orders were served on defendant's attorney the same day but the orders were not filed with the clerk of the court until the following day. On August 1st the trial judge, at plaintiff's request, signed a written order requiring a bond on appeal. This order was filed with the clerk of the court on the same day after a copy had been served on defendant's attorney. None of the copies served on defendant's attorney contained any statement indicating that the orders had been filed with the clerk. The parties agree that no written notice of the filing or entry of any of these orders was given defendant before the filing of the bill of exceptions. On September 10th defendant filed notice of appeal from these orders, and on September 19th served and on September 20th filed a proposed bill of exceptions to be used on the appeal. Plaintiff moved to strike the bill of exceptions from the record, and after a hearing the trial court made an order granting the motion. Defendant has petitioned this court for a writ of mandate ordering the trial court to settle and certify the bill of exceptions.

If a trial court improperly refuses to settle a bill of exceptions, mandamus is an appropriate remedy. (See cases cited in 2 Cal. Jur. 567.) A bill of exceptions must be presented within twenty days after written notice of entry of the judgment or order from which the appeal is taken. (Code Civ. Proc., secs. 650, 651, 953d.) Notice of a judgment or order does not constitute notice of entry of the judgment or order. (*Leach* v. *Pierce,* 93 Cal. 614, 621 [29 Pac. 235] ; *Tobin Grocery Co.* v. *Spry,* 201 Cal. 152 [255 Pac. 791].) Since petitioner received no notice of the entry of the orders before the filing of the proposed bill of exceptions, the latter was presented in time.

Respondents contend that the trial court was justified in refusing to settle the proposed bill of exceptions, on the ground that the orders with which it is concerned are not

appealable. Sections 649, 650, and 651 of the Code of Civil Procedure, however, contain no requirement that an order must be appealable before a bill of exceptions can be settled with respect to it. It is not the function of the trial court to pass upon the appealability of an order in settling a bill of exceptions. (*Gutierrez* v. *Hebbard*, 106 Cal. 167, 170 [39 Pac. 529, 935]; *Foley* v. *Foley*, 120 Cal. 33, 38 [52 Pac. 122, 65 Am. St. Rep. 147].) It is the trial court's duty to prepare a record that accurately indicates what happened in that court. If the particular order is not appealable, the bill of exceptions may be used upon appeal from some later judgment or order when the correctness of the order in question will be reviewed. (*Foley* v. *Foley, supra.*) If an appeal is taken from the particular order, the question of appealability should be presented to the appellate court by a motion to dismiss after the record has been completed and placed before that court. (*Gutierrez* v. *Hebbard, supra.*)

▇ Respondents contend finally that the proposed bill of exceptions is a skeleton bill, so incomplete as to justify the trial court in refusing to settle it. Respondents, however, make no showing of fraud or lack of good faith on the part of petitioner in presenting the bill. (See *Dainty Pretzel Co.* v. *Superior Court,* 7 Cal. App. (2d) 437 [45 P. (2d) 817]; *Nichols* v. *Smith,* 25 Cal. App. (2d) 94 [76 P. (2d) 525]; *Ambrose* v. *American Toll Bridge Co.,* 12 Cal. (2d) 276, 279 [83 P. (2d) 499]; *Walkerley* v. *Greene,* 104 Cal. 208, 212 [37 Pac. 890].) It appears that the draft of the bill is incomplete only to the extent that it merely makes reference to certain documents that are to be copied at length into the final engrossed bill. This is an established procedure. (*St. Clair* v. *Bullock,* 12 Cal. (2d) 450, 454 [85 P. (2d) 867]; *Lakeshore Cattle Co.* v. *Modoc Land & L. Co.,* 127 Cal. 37, 39 [59 Pac. 206]; *Houghton* v. *Superior Court,* 128 Cal. 352, 354 [60 Pac. 972]; *Reclamation District* v. *Hamilton,* 112 Cal. 603 [44 Pac. 1074].)

Let a peremptory writ of mandate issue as prayed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Carter. J., concurred.