[Civ. No. 24664. Third Dist. Feb. 7, 1985.]

STURM, RUGER & COMPANY, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
BUDDY RAY SMITH et al., Real Parties in Interest.

**COUNSEL**

Hoge, Fenton, Jones & Appel and John W. Appel for Petitioners.

No appearance for Respondent and for Real Parties in Interest.

**OPINION**

**PUGLIA, P. J.**—Petitioners are defendants in an action for damages commenced in respondent superior court by real parties in interest. The complaint seeks compensation for injuries incurred by real party Buddy Ray Smith when a revolver manufactured by petitioner Sturm, Ruger & Company, Inc., and sold by petitioner Simms Hardware Company accidentally discharged. Real parties allege three causes of action on theories of negligence, strict products liability and loss of consortium.

The revolver was purchased by real party in Sacramento on January 5, 1960, but the accident which gave rise to this litigation did not occur until October 9, 1981, in Oregon. At the time of the mishap, real parties were residents of the State of Oregon. Relying on these undisputed facts, petitioners sought summary judgment in the superior court on the grounds that the action, if brought in Oregon, would be barred by lapse of time under Oregon Revised Statutes sections 12.115 and 30.905, and therefore cannot be maintained in California by virtue of this state's "borrowing statute," Code of Civil Procedure section 361. Section 361 provides: "When a cause of action has arisen in another State, or in a foreign country, and by the

laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State, except in favor of one who has been a citizen of this State, and who has held the cause of action from the time it accrued." The superior court denied petitioners' motion, and they now seek review in this court by way of mandamus.

■ We shall deny the petition on the grounds that it is not timely. Code of Civil Procedure section 437c, subdivision (*l*), as amended effective January 1, 1984 (Stats. 1983, ch. 490), in part provides: "Upon entry of any order pursuant to this section except the entry of summary judgment, a party may, within 10 days after service upon him of a written notice of entry of the order, or within such further time not exceeding 20 days as the trial court may for good cause allow, petition an appropriate reviewing court for a peremptory writ. If the notice is served by mail, the period within which to file the petition shall be increased by five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States." Compliance with this time requirement is clearly mandatory if a party wishes to obtain prejudgment review of an order denying summary judgment. ■ As a general rule, in the absence of a specific statutory provision "an appellate court may consider a petition for extraordinary writ at *any* time," subject to its discretionary power to deny relief on the grounds of laches. (*Popelka, Allard, McCowan & Jones* v. *Superior Court* (1980) 107 Cal.App.3d 496, 499 [165 Cal.Rptr. 748]; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 118, pp. 3895-3896.) ■ The manifest purpose of the 1983 amendment to section 437c was to change this rule with regard to orders relating to motions for summary judgment. Such an intent was made explicit in the Legislative Counsel's Digest to the amending bill, Assembly Bill No. 350, which notes, "This bill would specify that upon entry of an order relating to summary judgment, other than the entry of summary judgment, a party may petition for a peremptory writ, *and would specify time limits for seeking review.*" (Italics added; Stats. 1983, ch. 490.)

The construction of section 437c, subdivision (*l*), as creating a mandatory time limit is further supported by the March 7, 1983, staff report of the Assembly Committee on the Judiciary. That report, at page 3, notes that Assembly Bill No. 350 codifies existing law insofar as it authorizes writ review of orders denying summary judgment, "... but also imposes a statutory limit for seeking the writ of mandate." The report goes on to note that the reason for such a time limit is to prevent the losing party from causing delays in trial court proceedings by use of dilatory petitions to the appellate court. We believe these clearly articulated legislative purposes can

best be effectuated by applying section 437c, subdivision (*l*), in a manner which compels litigants timely to seek extraordinary relief upon their being made aware of the trial court's ruling.

In the present case, the record reveals that written notice of entry of the court's order denying summary judgment, in the form of a minute order, was mailed to all parties by the superior court clerk on November 26, 1984. That notice was sufficient to commence the running of the time period established by section 437c, subdivision (*l*), within which the aggrieved party must file a petition in the appellate court. (Cf. *Demarest* v. *Superior Court* (1980) 103 Cal.App.3d 791, 796-797 [165 Cal.Rptr. 641].) However, the instant petition was not filed with this court until December 21, 1984, well beyond the statutory deadline. Accordingly, we cannot consider the petition on its merits.

Denial of this petition obviously is not a rejection of the merits of petitioners' underlying arguments. The order of denial is without prejudice to petitioners' right to renew at trial their contention that real parties' complaint is barred by lapse of time, or to seek a bifurcated trial on that affirmative defense pursuant to Code of Civil Procedure section 597. Nor does our action preclude petitioner from raising the issue in an appeal from an adverse final judgment in the event real parties prevail in the superior court. (See *Oak Grove School Dist.* v. *City Title Ins. Co.* (1963) 217 Cal.App.2d 678, 694 [32 Cal.Rptr. 288].)

The petition for writ of mandate is denied.

Regan, J., and Carr, J., concurred.