[No. F010773. Fifth Dist. Jan. 10, 1989.]

JESSICA RAE SCHMIDT, a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
JAMES A. WEST et al., Real Parties in Interest.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

**COUNSEL**

Houk, Hicks, Spain & Line and Gary J. Spain for Petitioner.

No appearance for Respondent.

Marderosian & Swanson and Michael G. Marderosian for Real Parties in Interest.

**OPINION**

**FRANSON, P. J.—**

### STATEMENT OF THE CASE

Plaintiff, Jessica Rae Schmidt (petitioner), through her guardian ad litem, Deborah Wright, has asked this court to review the lawfulness of the trial court's order denying her motion for summary adjudication of issues and partially granting real parties in interest's (defendants') motion for summary judgment.

Petitioner filed a complaint for personal injuries naming James A. West and Cynthia West as defendants. Defendants moved for summary judgment on the grounds "that no triable issue as to any material fact exists with respect to this action and defendants are entitled to judgment as a matter of law." In response, petitioner moved for summary adjudication of issues with respect to the alleged vicarious liability of the defendants for any negligence on the part of petitioner's parents, Melody and Richard Schmidt.

Following a hearing on both motions, the trial court denied petitioner's motion and granted defendants' motion "only with respect to agency." The court's order, in the form of a minute order, was mailed to the parties by the superior court clerk on July 8, 1988. A notice of this order was mailed to petitioner by defendants on July 15, 1988.

On July 13, 1988, petitioner filed a notice of motion for reconsideration of the trial court's ruling on the defendants' motion for summary judgment. The motion argued the trial court had no jurisdiction to resolve the agency issue in defendants' favor since defendants, unlike petitioner, did not move for summary adjudication of the issue. The motion was denied July 29, 1988.

On August 1, 1988, the trial court extended petitioner's time for filing a writ petition with this court to August 2, 1988. The petition was filed on that date.

### STATEMENT OF FACTS

James and Cynthia West asked Melody and Richard Schmidt to feed the Wests' two dogs while the Wests were on vacation. Mrs. West also invited the Schmidts, including their daughter Jessica, to use the swimming pool in their absence. The Wests gave the Schmidts a key to the house.

While the Wests were gone, the Schmidts, their two children, and several of the Schmidts' friends went over to the Wests' house to use the pool. After

Jessica was left unattended in the house for a short period of time, she was found lying face down in the swimming pool. This accident caused serious and permanent brain damage leaving Jessica, who is now six years old, unable to speak or walk.

### DISCUSSION

I.   *The writ petition was timely filed.*

■   Code of Civil Procedure section 437c, subdivision (*l*)[1] provides that "[u]pon entry of any order pursuant to this section except the entry of summary judgment, a party may, within 10 days after service upon him or her of a written notice of entry of the order, or within such further time not exceeding 20 days as the trial court may for good cause allow, petition an appropriate reviewing court for a peremptory writ. If the notice is served by mail, the period within which to file the petition shall be increased by five days . . . ." Compliance with this time requirement is mandatory if a party wishes to obtain prejudgment review of an order under section 437c. (*Sturm, Ruger & Co.* v. *Superior Court* (1985) 164 Cal.App.3d 579, 581 [210 Cal.Rptr. 573].)

Here, the superior court clerk mailed copies of the minute order to the parties on July 8, 1988. However, the notice of the order prepared by defendants was not mailed to petitioner until July 15, 1988.

In *Sturm, Ruger & Co.* v. *Superior Court, supra,* 164 Cal.App.3d 579, the court held that the mailing of the minute order by the court clerk was sufficient to commence the running of the time period established by section 437c, subdivision (*l*). (*Id.* at p. 582.) The court reasoned that compelling litigants to seek extraordinary relief upon being made aware of the trial court's ruling best effectuated the stated legislative purpose of preventing the losing party from causing delays in trial court proceedings by the use of dilatory petitions to the appellate court. (*Id.* at pp. 581-582.) The court further noted that denying such a petition on the ground that it is untimely does not preclude the petitioner from raising the substantive issue in an appeal from an adverse final judgment. (*Id.* at p. 582.)

Since petitioner became aware of the trial court's ruling through the minute order, that order constituted "written notice of entry of the order." The notice of the order prepared by defendants was unnecessary in this case. Thus, excluding the extension of time granted by the trial court, petitioner's time for filing a writ petition with this court ran on July 23, 1988, 15 days after the mailing of the minute order.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

■ Petitioner's filing of the motion for reconsideration under section 1008 had no effect on this time limit. Although the timely filing of a motion to reconsider will extend the time for filing a notice of appeal (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1009-1010 [183 Cal.Rptr. 594]), the trial court's ruling in this case was not an appealable order. To permit the filing of a motion for reconsideration to automatically extend the statutory time limit for seeking writ review under section 437c, subdivision (*l*), would frustrate the legislative purpose of preventing delay. Further, this section already specifically provides for extensions of the filing deadline upon a showing of good cause.

■ Petitioner contends defendants should be estopped from asserting the untimeliness of this petition. However, estoppel is not applicable here. The section 437c, subdivision (*l*) limitation period for seeking writ review is jurisdictional. (*Abadjian* v. *Superior Court* (1985) 168 Cal.App.3d 363, 369 [214 Cal.Rptr. 234].) "The expiration of a jurisdictional period is not, and by its nature cannot, be affected by the actions of the parties." (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].)

■ As noted above, on August 1 the trial court ordered that petitioner had until August 2 to file the writ petition pursuant to its authority to grant a party "such further time not exceeding 20 days as the trial court may for good cause allow" under section 437c, subdivision (*l*). Defendants contend this extension was invalid because the application and order were not made within the time initially fixed by the statute for filing the petition, i.e., by July 23.

In construing identical statutory language pertaining to writ review after denial of a motion to quash service of summons, the court in *Cornell University Medical College* v. *Superior Court* (1974) 38 Cal.App.3d 311 [113 Cal.Rptr. 291] held that such an extension can be granted during the period within which time could have been extended upon a showing of good cause. (*Id.* at p. 314.) Such a statute is not " 'jurisdictional' " in the sense that the court is not empowered to grant relief during this period. (*Ibid.*)

Here, the extension was ordered on the 24th day after the minute order was mailed to petitioner. Thus, subtracting five days for mailing, the order extending time was made during the period within which the time could have been extended.

The courts have disagreed on the total number of days from service of the written notice of entry of the order the time can be extended to. In *Cornell University Medical College* v. *Superior Court, supra,* 38 Cal.App.3d 311, 314, the court interpreted the language at issue as permitting a total of 30 days, whereas, in *Abadjian* v. *Superior Court, supra,* 168 Cal.App.3d 363,

369, the court assumed a total of 20 days was all that was permitted. Although here the extension order was made and the writ petition was filed within 20 days and thus was timely under either interpretation, the statute should be construed to permit a total of 30 days. The phrase "such further time not exceeding 20 days" following the initial specification of a 10-day period, indicates an intent to permit an additional 20 days rather than a total of 20 days. The requirement that good cause be shown for the extension prevents this interpretation from frustrating the legislative purpose of preventing unwarranted delay while at the same time providing the trial court with additional flexibility.

█ Defendants further contend that petitioner's failure to make a showing of good cause on the record renders the extension order invalid. However, the order states, "It appears to the Court that good cause exists to extend the time for the filing of a petition for a peremptory writ to the Court of Appeal." In the absence of any contrary evidence, an appellate court is entitled to presume that the trial court properly followed established law. (*Ross* v. *Superior Court* (1977) 19 Cal.3d 899, 915 [141 Cal.Rptr. 133, 569 P.2d 727].) Therefore, it can be presumed that the trial court found good cause for extending the time for filing a writ petition. Thus, the petition was timely filed.

II., III.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The petition is denied.

Hamlin, J., and Stone (W. A.), J., concurred.

---

*See footnote, *ante,* page 56.