[No. F010893. Fifth Dist. Mar. 23, 1989.]

RUTH W. ELDRIDGE, Petitioner v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
SIERRA VIEW LOCAL HOSPITAL DISTRICT et al., Real Parties
in Interest.

COUNSEL

Marsh, Williams & Arambula and Scott W. Williams for Petitioner.

No appearance for Respondent.

Dowling, Magarian, Phillips & Aaron and William C. Hahesy for Real Parties in Interest.

OPINION

FRANSON, P. J.—

## STATEMENT OF THE CASE

Petitioner Ruth Eldridge, an eight-year employee of Sierra View District Hospital, was elected to the governing board (Board) of the hospital district at a public election. Pursuant to a recently enacted district bylaw, which precluded employees from sitting on the Board, her employment with the hospital was terminated. Eldridge sued for violation of her civil rights and wrongful termination. She sought summary adjudication that the termination violated her rights to free speech and to engage in political activity. The trial court denied the motion finding that the bylaw reflected the state's public policy to prevent conflicts of interest. Eldridge petitioned for a writ of mandate, and this court issued an order to show cause.

The threshold question is whether Eldridge's mandate petition to this court was timely filed. We conclude it was not, and the court is without jurisdiction to hear the petition.

## DISCUSSION

*The clerk's mailing of a file-stamped copy of the order denying the motion constituted service of "written notice of entry of the order" under Code of Civil Procedure section 437c, subdivision (l).*

*Procedural Facts:*

The motion for summary adjudication was heard and taken under submission. On August 9, 1988, the clerk of the superior court mailed to counsel a file-stamped copy of the order denying summary adjudication. On August 15, 1988, counsel for real parties in interest mailed a "Notice of Order Denying Motion for Summary Adjudication" to Eldridge's counsel. Eldridge's counsel reviewed Code of Civil Procedure section 437c, subdivision (l)[1] and California Rules of Court, rule 309 and concluded that Eldridge's petition had to be filed in this court by August 30, 1988. He filed the petition on August 25, 1988.

*Analysis:*

Section 437c, subdivision (l) provides that upon entry of any order other than summary judgment, a party may within 10 days (plus 5 additional

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

days if notice is mailed) after service upon him of written notice of entry of the order, petition for a peremptory writ. Whether Eldridge's petition is timely depends on how the court construes "written notice of entry of the order." If such notice consists of a file-stamped copy of the order, then the petition must have been filed by August 24, 1988, and is untimely. If notice consists of the notice of order served by the prevailing party, then the petition is timely.

*Schmidt* v. *Superior Court* (1989) 207 Cal.App.3d 56, 60 [254 Cal.Rptr. 827], stated that the clerk's mailing of a copy of the order is the triggering event for the section 437c, subdivision (*l*) time period; consequently, under *Schmidt,* the petition is untimely, and this court is without jurisdiction to hear the petition.

*Schmidt* is procedurally identical to this case. There, the superior court clerk mailed copies of the minute order denying petitioner's motion for summary adjudication to the parties on July 8, 1988. The notice of the order prepared by real parties in interest was mailed to petitioner on July 15, 1988. *Schmidt* stated that the section 437c, subdivision (*l*) limitations period ran 15 days after the minute order was mailed, not the notice of entry. (*Id.* at p. 60.)

The *Schmidt* case relied on *Sturm, Ruger & Co.* v. *Superior Court* (1985) 164 Cal.App.3d 579 [210 Cal.Rptr. 573], which held that a party's receipt of "written notice of entry of the court's order denying summary judgment, in the form of a minute order" mailed by the clerk was sufficient notice to commence running of the time period within which the aggrieved party must file a petition. (At p. 582.) The *Sturm, Ruger* court reasoned that the purpose of the time limit is to prevent the losing party from causing delays in trial court proceedings by use of dilatory petitions to the appellate court. That purpose would best be effectuated by applying section 437c, subdivision (*l*) to compel litigants to seek extraordinary relief upon being made aware of the trial court's ruling. (*Id.* at pp. 581-582.)

*Schmidt* v. *Superior Court, supra,* 207 Cal.App.3d at page 60, set out the rule that where petitioner became aware of the trial court's ruling through the minute order the "order constituted 'written notice of entry of the order.' " Notice of the order prepared by real parties, therefore, was unnecessary in that case. (*Id.* at p. 60.)[2]

Arguably, that language conflicts with *Skernswell* v. *Schonfeld* (1942) 20 Cal.2d 503, 504 [127 P.2d 529], which stated that notice of a judgment or

---

[2] Notice was unnecessary to provide "notice of entry of the order" under section 437c, subdivision (*l*), but would be necessary under section 1019.5, unless waived by the parties.

order does not constitute notice of entry of the judgment or order. (Accord *S.M. Trading, Inc.* v. *Kono* (1988) 198 Cal.App.3d 749, 750 [243 Cal.Rptr. 707], file-endorsed copy of judgment mailed by the court clerk was not notice of entry of judgment so as to commence running of the 60-day period within which to file notice of appeal. Time did not begin to run until "Notice of Entry of Judgment" was mailed to parties several weeks later.)

However, both cases are distinguishable. *S.M. Trading, Inc.* v. *Kono, supra,* 198 Cal.App.3d 749, involved a judgment and appeal rather than an order and petition for extraordinary writ. *Sturm, Ruger & Co.* v. *Superior Court, supra,* 164 Cal.App.3d 579, points out the section 437c, subdivision (*l*) time limitation was included specifically to prevent unnecessary delay when interlocutory orders were challenged. *Skernswell* v. *Schonfeld, supra,* 20 Cal.2d 503, involved orders which were served before they were filed. This distinction is important because a filed order is an entered order. Orders are entered by either of two methods. The court can order the clerk to enter a minute order which when entered in the minutes is a written order of the court. The court may also make a formal order, and entry then consists of filing the signed order with the clerk. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 56, p. 492.) In this case, the clerk mailed Eldridge a file-stamped copy of the court's order. Because it was file stamped, it notified her that the order had been entered and it was, in effect, "notice of entry of the order."

Neither *Sturm, Ruger & Co.* v. *Superior Court, supra,* 164 Cal.App.3d 579, nor *Schmidt* v. *Superior Court, supra,* 207 Cal.App.3d 56, addresses California Rules of Court, rule 309 which, at first blush, contains language which conflicts with their conclusions. Eldridge relies on this rule and claims the Legislature distinguishes between an order and written notice of entry of that order. California Rules of Court, rule 309 provides: "When the court rules on a demurrer or motion or makes an order or renders a judgment in a matter it has taken under submission, the clerk shall forthwith notify the parties of the ruling, order or judgment. *The notification . . .* may be given by mailing the parties a copy of the ruling, order or judgment, and it *shall constitute service of notice only if the clerk is required to give notice* pursuant to Code of Civil Procedure section 664.5. . . ." (Italics added.)

Under Eldridge's interpretation of rule 309, the clerk's mailing of the order was not "notice" under section 437c, subdivision (*l*). An analogous argument was made in *Okuda* v. *Superior Court* (1983) 144 Cal.App.3d 135 [192 Cal.Rptr. 388]. The Okudas sought a writ of mandate to compel the court to vacate an order granting a motion to expunge a lis pendens. The applicable statute, section 409.4, provided that a party aggrieved by the granting or denial of a motion to expunge a lis pendens must file a petition

for writ of mandate "within 20 days after service of written notice of the order . . . ." The trial court granted the motion to expunge on November 30, 1982. Notice of the ruling was mailed to the parties on that date, but the order was not formally entered until December 13, 1982. The Okudas filed their petition on December 30, 1982.

The court rejected an argument the petition was untimely. By filing a petition within 20 days of the date the order was formally entered, the parties had complied with section 409.4. The fact that the parties did not file their petition within 20 days of the date the clerk mailed them a written notice of the ruling did not alter the result. Under rule 204 (predecessor of rule 309), that notice did not constitute the written service of notice contemplated in section 409.4 because the clerk was not required to give such notice pursuant to section 664.5, which generally deals with judgments or appealable orders. (144 Cal.App.3d at pp. 137-138.)

The *Okuda* case can be reconciled with the *Sturm, Ruger & Co.* and *Schmidt* cases if one infers from those cases that the clerk mailed a copy of the order which indicated it had been entered. A file-stamped copy of a written order would so indicate.

Reconciling rule 309 is possible under the same analysis. ■ If the clerk serves an unfiled copy of an order (or any order which does not indicate that it has been entered) on a party, rule 309 would apply, and such order would not constitute "notice of entry of the order" under section 437c, subdivision (*l*). However, rule 309 would not apply if the clerk mails a copy of an order which indicates that it has been entered. When the clerk serves such a copy, it has the same practical effect as a notice of entry of judgment in that it informs the party of the order and the fact that it has been entered and is effective. (Cf. *Ketscher* v. *Superior Court* (1970) 9 Cal.App.3d 601, 604 [88 Cal.Rptr. 357].)

■ Under this reasoning, the section 437c, subdivision (*l*) limitations period commenced when Eldridge was served with the file-stamped copy of the order denying summary adjudication of issues on August 9, 1988. This petition, which was filed on August 25, 1988, was filed one day late. The time limits of section 437c, subdivision (*l*) are mandatory, and this court is without jurisdiction to entertain the petition. (*Abadjian* v. *Superior Court* (1985) 168 Cal.App.3d 363, 369 [214 Cal.Rptr. 234].)

Denial of this petition is not a rejection of the merits of petitioner's substantive claims concerning free speech and political activity. Petitioner will have a right to appellate review in the event real parties should prevail

in the superior court. (See *Sturm, Ruger & Co.* v. *Superior Court, supra,* 164 Cal.App.3d 579 at p. 582.)

The petition is dismissed; each side to bear their own costs.

Stone (W. A.), J., and Ardaiz, J., concurred.