Filed: 12/23/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANTHONY CAESAR AQUINO et al., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF ALAMEDA COUNTY, <br><br> Respondent; <br><br> APRIL SCOTT, <br><br> Real Party in Interest. | A162836 <br><br> (Alameda County <br> Super. Ct. No. RG18915604) |

Anthony Caesar Aquino, Pacific Ocean Auto Parts Co., and Reed Jobs seek extraordinary writ relief from an order denying their motion to change venue under Code of Civil Procedure section 397.[1]  They contend the trial court should have granted their motion because, while venue was originally proper based on the location of an accident allegedly caused by one of the defendants (§ 395), it became improper once the defendant who caused that accident was dismissed from the case.  Petitioners further contend the court erred in ruling that they waived their right to challenge venue.

As a threshold matter, the parties debate whether the petition was timely filed in this court.  We conclude that the superior court clerk's service of a document containing both the order denying the motion to change venue

---

[1]     All statutory references hereafter are to the Code of Civil Procedure.

1

and a declaration of service satisfied the requirements for written notice under section 1013a, thereby commencing the period for filing the petition under section 400. Petitioners' failure to file their petition by the end of that period rendered their petition untimely, whether or not real party in interest should have also given notice of the order under section 1019.5. Accordingly, the petition will be dismissed.

## I. FACTS AND PROCEDURAL HISTORY

### A. Scott's Complaint

On July 30, 2018, April Scott (Scott) filed a complaint in Alameda County Superior Court against Reed Jobs (Jobs), Jennie Forni (Forni), Anthony Caesar Aquino (Aquino), Pacific Ocean Auto Parts Co. (Pacific Ocean Auto), and others, alleging that Scott was involved in three separate automobile accidents in three different counties in 2017 and could not determine which accident caused her injuries.

According to the complaint, the first accident occurred in April 2017 in San Mateo County, when Jobs was unable to stop his car in time and struck the rear end of a vehicle that collided with Scott's vehicle. The second accident occurred on August 2017 in Alameda County, when Scott was rear-ended by Forni after traffic came to a stop on I-880. The third accident occurred in September 2017 in Contra Costa County, when Scott was rear-ended on southbound I-680 by a car that had been struck by Aquino, who was employed by, and working in the scope of his employment with, Pacific Ocean Auto.

In filing her complaint in Alameda County, Scott based venue on the location of the Forni accident. (See § 395 [venue proper in personal injury action in the county where the injury occurred or where any defendant

2

resides].)  None of the defendants resided in Alameda County at the time the complaint was filed.

Jobs answered the complaint and filed a cross-complaint against other defendants including Aquino and Pacific Ocean Auto, seeking indemnity, apportionment, and declaratory relief.  Aquino and Pacific Ocean Auto answered the complaint and filed a cross-complaint against Jobs and other defendants.  Jobs, Aquino and Pacific Ocean Auto alleged an affirmative defense of improper venue in their answers.

B.  Settlement and Dismissal as to Forni

In August 2020, Scott settled her case as to the Forni defendants and sought a judicial determination that the settlement was made in good faith (§§ 877, 877.6).  Aquino and Pacific Ocean Auto challenged the settlement; Jobs did not.  The court issued a good faith settlement determination in October 2020, and an order dismissing the Forni defendants was filed in December 2020.

C.  Petitioners' Motion to Transfer Venue

After the dismissal of Forni, the remaining defendants—petitioners Jobs, Aquino, and Pacific Ocean Auto—filed a motion to transfer venue to Santa Clara County, where Aquino and Pacific Ocean Auto reside, pursuant to section 397.  Petitioners asserted that they had not waived their right to challenge venue and, with the dismissal of the Forni defendants, venue could no longer be based on the location of the Forni collision.

Scott opposed the motion, arguing that it was untimely and that the dismissal of Forni did not provide a basis for a venue change.

The court issued a tentative ruling denying the motion.  After a hearing, the court signed (electronically) a written order denying the motion on May 12, 2021.  The court concluded that petitioners had waived their right

3

to challenge venue because they filed cross-complaints and Aquino and Pacific Ocean Auto had opposed Forni's good faith settlement application. The court also concluded that the motion to challenge venue could not be based on Forni's dismissal.

As discussed in greater detail *ante*, the superior court clerk served the parties with a copy of the court's order and a declaration of service, which indicated that the order was mailed and the declaration was executed on May 12, 2021. According to evidence provided by petitioners, the clerk's envelope bore a metered postage date of May 13, 2021.

Petitioners did not file their writ petition in this court until June 11, 2021. We obtained briefing from the parties, who each proposed conflicting interpretations of the relevant statutes. We decided writ review should be granted to resolve questions of first impression of importance to the bench and bar, which bear not only on petitioners' claims but also future cases, including the timeliness of petitions to this court for extraordinary writ review. (*Hogya v. Superior Court* (1977) 75 Cal.App.3d 122, 129–130; see also *Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1273–1274.) "[G]iven that the petition raised a question of first impression appropriate for resolution in a published opinion, we deliberately chose to issue an OSC [order to show cause] instead of an alternative writ, since the latter procedure would have permitted reversal of the challenged order with the undesirable result of potentially rendering the issue moot." (*Paul Blanco's Good Car Company Auto Group v. Superior Court* (2020) 56 Cal.App.5th 86, 99, internal citation omitted.) Pursuant to our order to show cause, real party in interest Scott filed a return and petitioners filed a reply.

4

## II.  DISCUSSION

The petition gives rise to three issues:  (1) was the petition timely filed in this court; (2) did petitioners waive their right to challenge venue in the trial court; and (3) where venue is proper at the commencement of the action based on the location of the injury (§ 395), does the matter become subject to transfer on the ground of improper venue under section 397 if the defendants allegedly responsible for that injury have been dismissed pursuant to a good faith settlement determination.  We need address only the first issue to resolve the petition.

### A.  Applicable Law

Whether a writ petition was timely filed in this court constitutes a threshold jurisdictional issue; if the petition was not timely filed, it must be dismissed.  (*People v. Superior Court (Brent)* (1992) 2 Cal.App.4th 675, 683–684.)

The time to file a petition for writ review of an order denying a motion to "change the place of trial" (§ 397) is set forth in section 400.  Section 400 provides in relevant part:  "When an order is made by the superior court granting or denying a motion to change the place of trial, the party aggrieved by the order may, *within 20 days after service of a written notice of the order*, petition the court of appeal for the district in which the court granting or denying the motion is situated for a writ of mandate requiring trial of the case in the proper court.  The superior court may, for good cause, and prior to the expiration of the initial 20-day period, extend the time for one additional period not to exceed 10 days."  (Italics added.)  The salient question here is whether the clerk's service of the order and declaration of service constituted "service of a written notice of the order" under section 400 and, if so, whether the petition was filed within 20 days thereafter.

5

B. <u>The Clerk's Written Notice and the Petitioners' Filing</u>

The clerk served the parties with a copy of the court's May 12 order and an attached Declaration of Service by Mail that was signed on May 12, 2021. The clerk's declaration reads as follows:

Superior Court of California, County of Alameda
Hayward Hall of Justice

Case Number: RG18915604
Order After Hearing Re: of 05/12/2021

**DECLARATION OF SERVICE BY MAIL**

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 24405 Amador Street, Hayward, California.

Executed on 05/12/2021.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____
                                               Deputy Clerk

As certified by the court clerk, the "foregoing document" (the order) "was mailed" as of the date the clerk executed the declaration on May 12, 2021. Based on this May 12 date, and counting 20 days pursuant to section 400 plus five days for mailing pursuant to section 1013, subdivision (a), the period for filing the petition would have elapsed on June 6, 2021; since June 6 was a Sunday, the last day to file the petition was Monday, June 7, 2021 (§ 12a). (Although the clerk's envelope bore a metered postage date of May *13*, 2021, using May 13 as the triggering date would still result in a deadline of June 7.) The petition was not filed until June 11, 2021. It was untimely.

C.  Petitioners' Arguments

Petitioners contend the clerk's written notice did not commence the 20-day period after all, arguing that (1) the clerk's declaration of service did not comply with section 1013a, and (2) the notice should have been given not by the clerk, but by Scott pursuant to section 1019.5.  Their arguments are meritless.

1.  Section 1013a

"Service by mail must be made in strict compliance with the mandates of sections 1013 and 1013a." (*Simplon Ballpark, LLC v. Scull* (2015) 235 Cal.App.4th 660, 664.)  As relevant here, section 1013a, subdivision (4) states:  "In case of service by the clerk of a court of record, a certificate by that clerk setting forth the exact title of the document served and filed in the cause, showing the name of the clerk and the name of the court of which he or she is the clerk, and that he or she is not a party to the cause, and *showing the date and place of deposit in the mail*, the name and address of the person served as shown on the envelope, and also *showing that the envelope was sealed and deposited in the mail with the postage thereon* fully prepaid.  *This form of proof is sufficient for service of process in which the clerk or deputy clerk signing the certificate places the document for collection and mailing on the date shown thereon, so as to cause it to be mailed in an envelope so sealed and so addressed on that date following standard court practices.*  Service made pursuant to this paragraph, upon motion of a party served and a finding of good cause by the court, shall be deemed to have occurred on the date of postage cancellation or postage meter imprint as shown on the envelope if that date is more than one day after the date of deposit for mailing contained in the certificate." (Italics added.)

7

Petitioners contend that the clerk's declaration is defective because it does not specifically state whether or when the order was "deposited" in the mail. They misperceive the statute.

As relevant here, section 1013a requires the clerk's certificate to "show[] the date . . . of deposit in the mail" and to "show[] that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid." In this case, the clerk's certificate stated that the order "was mailed, first class, postage prepaid, in a sealed envelope" and that the declaration was executed on May 12. The certificate therefore "show[s]" the envelope was sealed and postage was prepaid. (§ 1013a, subd. (4).) It also "show[s]" the date of deposit in the mail for purposes of the statute: since the declaration says the order "was mailed" as of May 12, and the May 12 order could not have been mailed before May 12, the declaration "show[s]" it was mailed *on* May 12.

Petitioners quibble that the declaration uses the word "mailed" rather than the phrase "deposit[ed] in the mail." They argue that "[o]ne may say a document 'was mailed' by simply throwing an envelope in an office outbox expecting someone to later *deposit* it in the mail." (Original italics.)

In making this argument, petitioners overlook the point of section 1013a, subdivision (4), which explicitly pertains where "the clerk or deputy clerk signing the certificate *places the document for collection and mailing on the date shown thereon, so as to cause it to be mailed* in an envelope so sealed and so addressed on that date following standard court practices." (§ 1013a, subd. (4), italics added.) Subdivision (4) clearly targets the situation where the clerk does *not* directly deposit the order in the mailbox but initiates the process. It would make no sense to say that this provision, which does not *require* the clerk to deposit the document in the mail, is unmet because the

8

clerk did not say the document was deposited in the mail. The clerk's declaration complied with the requirements of section 1013a.[2]

Petitioners also direct us to the meter mark on the clerk's envelope, which bears a postage date of May 13 and thereby suggests that the May 12 mailing date stated in the declaration *may* be incorrect (or the meter mark is incorrect). But on this point petitioners confuse two issues: (1) compliance with the rules for the content of a notice, which was satisfied as discussed above; and (2) what happens if the content of the notice appears erroneous in light of the extrinsic evidence of a postage meter imprint. As to the latter issue, our Legislature has anticipated the situation and instructed us how to handle it: "Service made pursuant to this paragraph [§ 1013a, subd. (4)], upon motion of a party served and a finding of good cause by the court, shall be deemed to have occurred on the date of postage cancellation or postage meter imprint as shown on the envelope *if that date is more than one day after the date of deposit for mailing contained in the certificate*." (Italics added.)

---

[2]     In a one-sentence footnote in their Reply, petitioners claim the declaration does not meet the requirement to set forth the "exact title of the document served and the name of the clerk." Petitioners did not make this assertion in their petition, and their failure to elaborate on it in their briefs constitutes a waiver of the argument. In any event, the requirement is met. The clerk's declaration states that "a true and correct copy of *the foregoing document*" was being served (italics added), and the foregoing document is the court's May 12 order bearing the title, "Order [¶] Motion for Change of Venue (Out of County) Denied." The declaration further confirms that it pertains to the order after the hearing of May 12. Petitioners provide no authority for the proposition that the section 1013a requirement to "set[] forth the exact title of the document served" is not met by attaching the exact document being served. In addition, the declaration sets forth the name of the clerk by stating above the signature line, "Chad Finke Executive Officer/Clerk of the Superior Court" and by including a digital signature of the deputy clerk.

Here, the "date of . . . postage meter imprint" is May 13, 2021, which is not more than one day after the May 12, 2021 date shown by the clerk's certificate.  Pursuant to the statute, service is deemed to have occurred on May 12, 2021.  Accordingly, the petition was due to be filed by June 7, 2021, and as a matter of law and strict adherence to the statutory requirements, the petition was untimely.

Petitioners refer us to *M'Guinness v. Johnson* (2015) 243 Cal.App.4th 602, 612, 613 (*M'Guinness*), arguing that the order had an "ambiguous proof of service" such that the time period for filing the petition never commenced.  But *M'Guinness* does not stand for that proposition.  At issue in *M'Guinness* was whether the clerk's service of a file-endorsed order, and the clerk's later mailing of a *separate* proof of service, could collectively establish the requirement of rule 8.104 (a)(1)(A) to serve a "file-stamped copy of the judgment, showing the date [the judgment] was served," and commence the period for filing a notice of appeal.  (*Id.* at p. 611.)  Contrary to petitioners' suggestion, the court in *M'Guinness* did not state that the *proof of service* was ambiguous.  Instead, it explained that our Supreme Court had found the applicable *rule of court* ambiguous, but interpreted it to require service of a single, self-sufficient document satisfying all the conditions of the rule. (*Id.* at p. 612.)  If *M'Guinness* has any application here, it confirms that the single document served by the court clerk in this case—the declaration of service with the order attached—met the statutory requirements.

Finally, we note that petitioners' attorney attended the May 12 hearing and had personal knowledge that the judge denied their motion orally on May 12.  Petitioners admit that they received a copy of the minute order with the clerk's declaration of mailing the following week, meaning as early as May 17.  Petitioners knew or should have known that the clerk's declaration

10

showed that service of the order was made on May 12 and section 400 required them to file the petition by June 7. Petitioners never claimed that the clerk's service was ineffective or late, never complained they had too little time to prepare the petition, and never sought an extension from the superior court (§ 1013a). Instead, petitioners chose to file their petition four days after the declaration of mailing indicated it was due. We do not see how the court clerk did anything to cause petitioners' tardiness.[3]

### 2. Section 1019.5

As mentioned, section 400 requires that a writ petition be filed within 20 days (plus five days for mailing) after "service of *a written notice* of the order." (Italics added.) The statute does not specify whether it must be the court clerk or the prevailing party who serves the notice. Petitioners argue that section 1019.5 required Scott to serve it, and Scott's failure to do so means the section 400 time limit never commenced. Petitioners are incorrect.

Nothing in section 1019.5, subdivision (a) precludes or nullifies the service of notice by a court clerk; it merely places upon counsel an obligation to provide notice in certain circumstances. The provision reads: "When a motion is granted or denied, unless the court otherwise orders, *notice of the*

---

[3] Petitioners more broadly attack the Alameda County Superior Court clerks generally, expressing "concern[]" that the "clerks are not actually mailing materials, including orders, on the date they execute their 'service' by mail declarations, since materials from that court's Hayward branch oftentimes take five or more days to arrive in Walnut Creek, and the declarations do not contain required language attesting to mailing via United States Postal Service or familiarity with the process to ensure that the document is submitted to the USPS for mailing on a particular date." Petitioners do not provide specifics or account for other variables such as mail delays during the COVID-19 pandemic. Based on the record, we see no indication that the clerks perform their tasks with anything less than dedication and integrity. That said, it may be prudent for all lower courts to scrutinize the language they use in proofs of service from time to time.

11

*court's decision or order shall be given by the prevailing party* to all other parties or their attorneys, in the manner provided in this chapter, unless notice is waived by all parties in open court and is entered in the minutes." (Italics added.) At the hearing in this case, the parties did not waive notice and the court did not direct how notice should be given.

But whether Scott should have served notice of the order pursuant to section 1019.5 is not the point here. The point is whether what *was* served— the clerk's notice—constituted "service of a written notice of the order" for purposes of commencing the 20-day period under section 400 to file a writ petition. Long-standing California precedent in an analogous context tells us that the clerk's notice sufficed.

As respondents note, section 437c uses language similar to that in section 400 to specify the time by which a writ petition may be filed from the denial of a motion for summary judgment. Section 437c, subdivision (m), formerly subdivision (l), reads: "Upon entry of an order pursuant to this section, except the entry of summary judgment, a party may, *within 20 days after service upon him or her of a written notice of entry of the order,* petition an appropriate reviewing court for a peremptory writ." (Italics added.) For decades, courts have held that the *clerk's* service of the order denying a summary judgment motion commences this 20-day period to seek writ review. (*Sturm, Ruger & Co. v. Superior Court* (1985) 164 Cal.App.3d 579, 582 *(Sturm)* [clerk's mailing of a copy of a minute order to the parties was sufficient to commence the period established by former § 437c, subd. (l), for filing a writ petition in the appellate court]; *Schmidt v. Superior Court* (1989) 207 Cal.App.3d 56, 60 *(Schmidt)* [where petitioner became aware of a minute order from the court clerk mailing a copy to the parties, the clerk's mailing

12

constituted written notice of entry of the order to commence the statutory period, notwithstanding a later notice of the order sent by the defendants].)

A provision allowing for writ review under the Public Records Act (Gov. Code, § 6250, et seq.) has been given a similar interpretation. In *MinCal Consumer Law Group v. Carlsbad Police Dept.* (2013) 214 Cal.App.4th 259, Government Code section 6259, subdivision (c) required a writ petition to be filed within 20 days after service of the notice of entry of an order. Following *Sturm* and *Schmidt*, the court held that the period was triggered by the clerk's mailing of a copy of the minute order. (*Id.* at p. 265.)

The conclusion that a clerk's notice is sufficient to trigger the time to file a writ petition flows naturally from the purpose of the statutory provisions. As *Sturm* observed from the legislative history of section 437c, subdivision (l), the intent of the subdivision was to prevent the party who lost in the trial court from causing delays through the use of dilatory petitions to the appellate court, and the subdivision should be applied "in a manner which compels litigants timely to seek extraordinary relief upon their being *made aware* of the trial court's ruling." (*Sturm*, *supra*, 164 Cal.App.3d at p. 582. Italics added.)

The same interpretation should be given to section 400. Section 400 was amended in 1989 to provide for a 20-day time period (reducing it from 30 days and authorizing the superior court to extend it up to 30 days for good cause), in the same legislation that amended the time period in section 437c. (Stats. 1989, ch. 1416, §§ 12, 16.) The language in each statute is virtually identical: section 400 requires filing "within 20 days after service of a written notice of the order," while section 437c, former subdivision (l) (and current subdivision (m)) require filing "within 20 days after service upon him or her

13

of a written notice of entry of the order."[4]  Although a motion to change the place of trial is not the same thing as a motion for summary judgment, the important point here is that both statutory provisions address the time within which an extraordinary writ petition may be filed to challenge a trial court order.  The judicial construction of the deadline in section 437c strongly informs our construction of the deadline in section 400.  (See *Estate of Griswold* (2001) 25 Cal.4th 904, 915–916.)[5]

The clerk's service of a copy of the May 12 order triggered the 20-day period to file a writ petition under section 400.  The clerk's declaration of mailing, attached to the May 12 order, showed that the mailing occurred on May 12 for purposes of section 1013a.  Because petitioners did not file their petition until June 11, their petition is untimely and must be dismissed.

---

[4]    While section 437c, subdivision (m) requires notice of *entry* of the order, section 400 requires only notice of the order.  It therefore makes no difference whether the copy of the order served by the clerk in this case was file-stamped to designate its entry.  We also observe that the order was made by the court on the day of the hearing pursuant to its ruling at the hearing, rather than after the matter had been taken under submission; rule 3.1109 of the California Rules of Court does not apply.

[5]    *Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183 is not to the contrary.  That case held that the time to file a motion for reconsideration, which begins to run with service of written notice of the entry of an order (§ 1008, subd. (a)), was triggered by a party's service of written notice of entry pursuant to section 1019.5, rather than the clerk's earlier service of the order.  (*Id*. at p. 203.)  Here we deal not with a motion for reconsideration in the trial court, but a petition for extraordinary writ review in the appellate court.  *Forrest* did not consider the issue before us and is therefore inapposite.

14

## III. DISPOSITION

The petition for a writ of mandate or prohibition is dismissed. Real party in interest shall recover her costs from petitioners. (Cal. Rules of Court, rule 8.493(a).)

_____

NEEDHAM, J.

We concur.

_____

JACKSON, P.J.

_____

BURNS, J.

*Aquino v. Superior Court* / A162836

A162836 / Aquino v. Superior Court

Trial Court:        Superior Court of Alameda County

Trial Judge:        Honorable Delbert C. Gee

Counsel:    Stone & Associates, Colette F. Stone and Ronald F. Berestka Jr.; Law Office of Shawn C. Moore, Douglas Wood; Hassard Bonnington, Peter Mallon, for Petitioner.

No appearance for Respondent.

Alan Charles Dell'Ario; The Tillis Law Firm, Shawn Tillis; Winer, Burritt, & Scott, John D. Winer, for Real Party in Interest.