[No. B171121. Second Dist., Div. One. Dec. 4, 2003.]

PATRICK BENSIMON, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
TARRANT APPAREL GROUP, Real Party in Interest.

COUNSEL

Krane & Smith, Samuel Krane, Marc Smith and Ralph C. Loeb for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

OPINION

**VOGEL (Miriam A.), J.**—Patrick Bensimon, the defendant in a breach of contract action brought by Tarrant Apparel Group, moved for summary judgment. (Code Civ. Proc., § 437c.)[1] On September 22, 2003, the trial court denied the motion and (on September 23) mailed notice of its order to the parties. On October 2, Bensimon filed a motion for reconsideration (§ 1008), which was denied on October 29. On November 10, Bensimon filed a petition for a writ of mandate in which he asked us to compel the trial court to grant his motion for summary judgment. We deny the untimely petition, and publish this opinion because recent experience suggests the bar is unaware that a motion for reconsideration does not extend the jurisdictional time for a writ petition when the trial court has denied a motion for summary judgment.

## DISCUSSION

Subdivision (m)(1) of section 437c provides that a summary judgment is an appealable judgment and that, "[u]pon entry of any order pursuant to [section 437c], except the entry of summary judgment, *a party may, within 20 days after service upon him or her of a written notice of entry of the order, petition an appropriate reviewing court for a peremptory writ.* If the notice is served by mail, the initial period within which to file the petition shall be increased by five days if the place of address is within the State of California, 10 days if the place of address is outside the State of California but within the United States, and 20 days if the place of address is outside the United States. If the notice is served by facsimile transmission, Express Mail, or another method of delivery providing for overnight delivery, the initial period within which to file the petition shall be increased by two court days. The superior court may, for good cause, and prior to the expiration of the initial period, extend the time for one additional period not to exceed 10 days." (Italics added.)[2]

---

[1] All section references are to the Code of Civil Procedure.

[2] When section 437c was amended in 2002, former subdivision (l) was renumbered subdivision (m)(1) but otherwise unchanged. (Stats. 2002, ch. 448, § 5; 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 234, 2003 Supp. pp. 150–151.)

■ Because the purpose of the 20-day time limit is to prevent unnecessary delay when an interlocutory order is challenged (*Eldridge v. Superior Court* (1989) 208 Cal.App.3d 1350, 1353 [256 Cal.Rptr. 724]), the limitation is jurisdictional (*Abadjian v. Superior Court* (1985) 168 Cal.App.3d 363, 369 [214 Cal.Rptr. 234]) and is not extended by a motion for reconsideration (*Schmidt v. Superior Court* (1989) 207 Cal.App.3d 56, 61 [254 Cal.Rptr. 827]).

It follows that Bensimon's petition (which was not filed until November 10) had to be filed by October 20—within 20 days of September 23, plus five days because notice was mailed (and allowing for a weekend). (§ 437c, subd. (m)(1); and see *People v. Superior Court (Brent)* (1992) 2 Cal.App.4th 675, 684 [3 Cal.Rptr.2d 375] [when a party fails to file a writ petition within the statutory time limit and further fails to timely request an extension from the trial court, "the failure to file the writ petition even by a single day is fatal because the time limits for writ review are jurisdictional"]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2002) ¶ 15:90, pp. 15-40 to 15-41.)[3]

## DISPOSITION

The petition is denied.

Ortega, Acting P. J., and Mallano, J., concurred.

---

[3] When the motion for reconsideration was denied on October 29, the trial court stayed discovery and gave Bensimon 10 days within which to file a petition for a writ of mandate. Since Bensimon's initial 20-day period had lapsed, the trial court had no jurisdiction to extend the time for filing a petition. (§ 437c, subd. (m)(1).)