[No. D060415. Fourth Dist., Div. One. Feb. 13, 2013.]

MINCAL CONSUMER LAW GROUP, Plaintiff and Appellant, v. CARLSBAD POLICE DEPARTMENT et al., Defendants and Respondents.

COUNSEL

Melissa Bobrow for Plaintiff and Appellant.

Daley & Heft, Lee H. Roistacher; Ron Ball and Celia A. Brewer, City Attorneys, and Paul Gregory Edmonson, Assistant City Attorney, for Defendants and Respondents.

OPINION

O'ROURKE, J.—Appellant MinCal Consumer Law Group (MinCal) made a request to respondent Carlsbad Police Department (Department) in the City of Carlsbad[1] under the California Public Records Act (the Act; Gov. Code, § 6250 et seq.) for records stemming from identity theft incidents for nine months before the request date. Department permitted MinCal to inspect a media log, and otherwise denied access to records more than 30 days old on grounds they were considered "historical." MinCal unsuccessfully filed a petition for writ of mandate under the Act, and then filed a notice of appeal from the superior court's judgment denying the petition. MinCal contends that as a matter of statutory interpretation, disclosure of the requested information is mandatory under the terms of the Act, and it is not exempt from disclosure as historical.

City responds that this court lacks jurisdiction and thus we should dismiss MinCal's purported appeal because MinCal's sole remedy is to file a petition for writ of mandate, and MinCal appeals from a nonappealable judgment or order. It otherwise maintains that under the applicable appellate standards of review and a reasonable construction of the Act's provisions, MinCal has not met its burden to establish the trial court erred by its ruling.

We agree the exclusive means to challenge an order granting or denying disclosure under the Act is via writ petition filed within 20 days after service of written notice of the order's entry, a jurisdictional requirement MinCal did not meet. Under these circumstances, we are without power to review the matter, and thus are not presented with extraordinary circumstances that would justify our treating the appeal as an extraordinary writ. Accordingly, we must dismiss MinCal's appeal. We deny the request of the League of California Cities to file an amicus curiae brief in the matter, as well as its and City's motions for judicial notice.

---

[1] Respondents are the Carlsbad Police Department and Gary W. Morrison. We will refer to respondents collectively as City, as do respondents in their brief.

## FACTUAL AND PROCEDURAL BACKGROUND

In April and May 2010, Attorney Ehson Salaami from MinCal, a consumer law firm, corresponded with Department records manager Delphine Fisk regarding MinCal's desire to review information pertaining to reports of identity theft filed with Department, particularly the victims' names and addresses. Fisk initially invited Salaami to view Department's publicly available log, which contained information for the past 30 days. After Salaami viewed Department's logs, he made a more specific request, asking Fisk for access to all public records pertaining to identity theft incidents for the past nine months, from November 2009 to May 2010.[2] Fisk again invited Salaami to view the media log, and, citing *County of Los Angeles v. Superior Court (Kusar)* (1993) 18 Cal.App.4th 588 [22 Cal.Rptr.2d 409] (*Kusar*), advised him that after 30 days, any information was considered historical and not subject to mandatory disclosure under the Act.

MinCal filed a verified petition for writ of mandate seeking declaratory and injunctive relief to compel City to make the requested public records available. In part, it argued nine months of records was sufficiently contemporaneous under *Kusar, supra,* 18 Cal.App.4th 588. In response, City provided Fisk's declaration explaining how Department makes publicly available its press reports through logs generated daily by its computer aided dispatch (CAD) system and the system's limitations, including the fact that victim names and ages are not recorded by that system. It presented evidence that based on *Kusar,* other California law enforcement agencies established a 30-day retention policy for Government Code section 6254, subdivision (f) information and their press reports, which likewise did not contain the names and ages of victims. City's evidence showed that Department destroys press reports older than 30 days.

Following a hearing on the matter, the trial court denied MinCal's petition. Thereafter, on June 21, 2011, the court issued a written minute order reflecting its ruling and stating: "Pursuant to Government Code [section] 6254[, subdivision] (f), the local law enforcement agency is required to make public the information set forth in subsection (2)—e.g., the name and age of the victim—'to the extent the information regarding crimes alleged or committed or any other incident investigated is recorded[.'] As Respondent

---

[2] Salaami wrote: "Under the California Public Records Act . . . I'm requesting to inspect and view all public records in accordance with the law pertaining to Identity Theft incidents filed under, but not limited to Penal Code Section 530.5, for the past nine (9) months (Nov. 2009–May 2010). [¶] Specifically, I want to inspect and view public records pertaining to these incidents, which includes: [¶] 1) the time, date, and location of the occurrence; [¶] 2) the time and date of the report; [¶] 3) the name and age of the victim; and [¶] 4) factual circumstances surrounding the incident[.] [¶] Please let me know when these records can be viewed and inspected. Thank you."

alleges, not all of the information set forth in subsection (f), including the name and age of the victim, is always recorded by CAD in the police log. Nothing in this statute requires that such a recording must be made especially because in many circumstances, such information must be held private. [¶] Further, Petitioner has failed to cite any compelling authority to show that Respondent's interpretation of the term 'contemporaneous' in accordance with the decision in [*Kusar, supra*, 18 Cal.App.4th 588] is unreasonable. Respondent has shown that other local law enforcement agencies apply the same interpretation and impose a thirty day limit on the records." The clerk served the minute order by mail on all parties on the same day the minute order was issued, June 21, 2011.

On June 23, 2011, City served by mail a proposed judgment on MinCal. The next day, the trial court entered the judgment in City's favor. MinCal filed a notice of appeal on August 19, 2011.[3]

## DISCUSSION

■ City maintains we lack jurisdiction to entertain MinCal's appeal, which is from a nonappealable order or judgment. We agree. The "existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074]; see *Harrington-Wisely v. State of California* (2007) 156 Cal.App.4th 1488, 1494 [68 Cal.Rptr.3d 209]; *First Security Bank of Cal. v. Paquet* (2002) 98 Cal.App.4th 468, 472 [119 Cal.Rptr.2d 787].)

■ Government Code section 6259 provides that an order of the trial court supporting the decision of a public official refusing disclosure of material requested under the Act "is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ." (Gov. Code, § 6259, subd. (c); see *Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 426 [121 Cal.Rptr.2d 844, 49 P.3d 194] (*Filarsky*); *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 89 [40 Cal.Rptr.2d 839, 893 P.2d 1160]; *Consolidated Irrigation Dist. v. Superior Court* (2012) 205 Cal.App.4th 697, 702–703 [140 Cal.Rptr.3d 622].) This provision of the Act, which has been upheld against a challenge that it violates the " 'appellate jurisdiction' " provision of the state Constitution (*Powers v. City of Richmond*, 10 Cal.4th at pp. 89–90),[4]

---

[3] MinCal's notice of appeal states that it appeals from an order after judgment under Code of Civil Procedure section 904.1, subdivision (a)(2) entered on June 24, 2011. That it characterizes the court's ruling as an order after judgment does not change the outcome of this appeal.

[4] The three-justice lead opinion in *Powers*, undertaking a lengthy textual and historical analysis, held that the California Constitution did not confer on a litigant a right to a direct

unambiguously forecloses an appeal and instead expressly authorizes a writ as the sole and exclusive means to challenge the trial court's ruling. (See, e.g., *People v. Superior Court (Jimenez)* (2002) 28 Cal.4th 798, 802 [123 Cal.Rptr.2d 31, 50 P.3d 743] [Code Civ. Proc., § 170.3, subd. (d), providing the "determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal . . ." filed within 10 days after service of written of notice of entry of the court's order is the exclusive means for seeking review of a ruling on a peremptory challenge to a judge (italics omitted)]; see also *People v. Hull* (1991) 1 Cal.4th 266, 275 [2 Cal.Rptr.2d 526, 820 P.2d 1036] ["The Legislature, through [Code of Civil Procedure] section 170.3(d), has specifically determined that a writ of mandate shall be the exclusive means of challenging a denial of a motion to disqualify a judge."].)

Further, the writ petition must be filed within 20 days after service of the notice of entry of the order either directing disclosure or supporting the decision refusing disclosure, or within an additional 20 days as the trial court may allow for good cause. (Gov. Code, § 6259, subd. (c); *Filarsky, supra,* 28 Cal.4th at p. 426.) The 20-day period within which to file the petition "shall be increased by five days" if the notice is served by mail. (Gov. Code, § 6259, subd. (c).) Such legislatively prescribed statutory deadlines are mandatory and jurisdictional. (See *In re Antilia* (2009) 176 Cal.App.4th 622, 630 [97 Cal.Rptr.3d 849] ["A time limit prescribed by the Legislature for filing a petition for writ of mandate is jurisdictional."]; e.g., *Eldridge v. Superior Court* (1989) 208 Cal.App.3d 1350, 1352 [256 Cal.Rptr. 724] [then 10-day statutory time limitation for filing a petition for extraordinary writ review of an order summarily adjudicating issues is jurisdictional]; *Abadjian v. Superior Court* (1985) 168 Cal.App.3d 363, 369 [214 Cal.Rptr. 234] [same]; *Sturm, Ruger & Co. v. Superior Court* (1985) 164 Cal.App.3d 579 [210 Cal.Rptr. 573] [same]; *Bensimon v. Superior Court* (2003) 113 Cal.App.4th 1257 [7 Cal.Rptr.3d 151] [20-day statutory time limit in Code Civ. Proc., § 437c, subd. (m)(1) to file peremptory writ is jurisdictional and not extended by a motion for reconsideration].) Thus, if a writ petition is not filed within the time limit, we are without power to review the merits of the trial court's ruling.

appeal to the Court of Appeal for a case falling within the superior court's original jurisdiction. (*Powers v. City of Richmond, supra,* 10 Cal.4th at pp. 91–110.) A concurring opinion of Justices George and Arabian declined to announce a broad constitutional rule, but limited its decision to the Act, and held the Act's provision did not violate the " 'appellate jurisdiction' " provision of the Constitution without construing the provision. (*Powers,* at pp. 115–117 (conc. opn. of George, J.).) The concurring justices considered it unnecessary to decide whether the provision at issue, California Constitution, article VI, section 11, should be interpreted to permit the Legislature to substitute writ review for direct appeal in cases other than the present context. (*Powers,* at pp. 123–124 (conc. opn. of George, J.).)

In *Filarsky*, the California Supreme Court explained this limitation: "The purpose of the provision limiting appellate review of the trial court's order to a petition for extraordinary writ is to prohibit public agencies from delaying the disclosure of public records by appealing a trial court decision and using continuances in order to frustrate the intent of the Act. [Citation.] The legislative objective was to expedite the process and make the appellate remedy more effective. [Citation.] Indeed, the Act's provision regarding a public agency's obligation to act promptly upon receiving a request for disclosure ([Gov. Code,] § 6253, subd. (c)), the provision directing the trial court in a proceeding under the Act to reach a decision as soon as possible ([Gov. Code,] § 6258), and the provision for expedited appellate review ([Gov. Code,] § 6259, subd. (c)) all reflect a clear legislative intent that the determination of the obligation to disclose records requested from a public agency be made expeditiously." (*Filarsky, supra,* 28 Cal.4th at pp. 426–427.) The Legislature expressly specified that an order *denying* disclosure falls within the short statutory time limit. Thus, it is of no import that this case does not concern City's ability or need to delay disclosure of its records.

Here, the court mailed a copy of its minute order to the parties on June 21, 2011, triggering the beginning of the 25-day time period (20 days plus five days for mail notice). (*Schmidt v. Superior Court* (1989) 207 Cal.App.3d 56, 60 [254 Cal.Rptr. 827] [superior court clerk's mailing of copy of minute order to parties was sufficient to commence running of statutory time period for filing writ under Code Civ. Proc., former § 437c, subd. (*l*)]; *Sturm, Ruger & Co. v. Superior Court, supra,* 164 Cal.App.3d at p. 582 [same].) But MinCal did not file a writ petition within 25 days. Rather, it filed a notice of appeal on August 19, 2011, 59 days after the date of service. "Where a party fails to file a writ petition within the statutory time limit . . . , and where that party further fails to request an extension of time for filing the writ petition from the superior court, the failure to file the writ petition even by a single day is fatal because the time limits for writ review are jurisdictional." (*People v. Superior Court (Brent)* (1992) 2 Cal.App.4th 675, 684 [3 Cal.Rptr.2d 375]; see *id.* at pp. 681–684 [addressing 30-day time limit to file a petition for writ under Health & Saf. Code, former § 11488.4, subd. (h)].)

It is true that appellate courts have the discretion to treat an appeal from a nonappealable order as a petition for writ relief, and thus determine the merits of the challenge to the order, but only under limited, extraordinary, circumstances. (*Coronado Police Officers Assn. v. Carroll* (2003) 106 Cal.App.4th 1001, 1006 [131 Cal.Rptr.2d 553]; *Olson v. Cory* (1983) 35 Cal.3d 390, 400–401 [197 Cal.Rptr. 843, 673 P.2d 720]; *City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 599, fn. 4 [120 Cal.Rptr.3d 699].) In *Coronado Police Officers Assn.,* for example, a case involving the statutory time limit at issue, Government Code section 6259, subdivision (c), this court treated an improper appeal as a writ petition because extraordinary

circumstances were present. (*Coronado Police Officers Assn.*, at p. 1006.) But there, the petitioner police officer's association had "filed the notice of appeal within the statutory time period for seeking writ review . . . ." (*Ibid.*) Thus, there was no jurisdictional impediment in that case to appellate review of the trial court's order.

Here, MinCal presents no extraordinary or compelling reason for us to disregard this jurisdictional time limit, or consider its appeal as a writ petition. It merely argues it "had originally filed a petition for writ of mandate and complaint for declaratory relief" and states it "believes that this appeal is proper pursuant to the final judgment and order rendered on June 24, 2011, and [Code of Civil Procedure section] 904.1[; subdivision ](a)(1)." (Some capitalization omitted.) The argument, which disregards the express legislative limitations in Government Code section 6259, subdivision (c) on review of the order at issue, fails to convince us that our discretion should be exercised in MinCal's favor.

■ Accordingly, we are without jurisdiction to review this matter, because MinCal did not timely seek writ review from the trial order's order denying its request for disclosure.

## DISPOSITION

The appeal is dismissed. Carlsbad Police Department and Gary W. Morrison shall recover their costs on appeal.

Haller, Acting P. J., and McIntyre, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 22, 2013, S210011.