Filed 4/17/25  Tarbutton v. The State Bar of Cal. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THOMAS TARBUTTON, | B335216 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STLC07372) |
| v. | |
| THE STATE BAR OF CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  James C. Chalfant, Judge.  Appeal dismissed.

Thomas Tarbutton, in pro. per., for Plaintiff and Appellant.

Ellin Davtyan, General Counsel, Suzanne Grandt and Raul Duran, Assistant General Counsel, for Defendant and Respondent.

_____

## INTRODUCTION

Thomas Tarbutton appeals from an order of dismissal entered after the trial court sustained without leave to amend the State Bar of California's (State Bar) demurrer to Tarbutton's complaint for declaratory and injunctive relief under the California Public Records Act (CPRA) (Gov. Code,[1] § 7920.000 et seq.). For the reasons discussed below, we lack jurisdiction to consider this appeal. We therefore dismiss it.

## BACKGROUND

### 1. Tarbutton's requests for information from the State Bar

In early May 2020, Tarbutton, a prisoner at Folsom State Prison, sent a letter to the State Bar, requesting information about its investigation of Patrick Lee Lund, a disbarred attorney. Specifically, Tarbutton asked the State Bar to provide him all information concerning the source of restitution payments that Lund made at the State Bar's direction, as well as any information concerning the State Bar's efforts to trace the sources of those payments. Tarbutton claimed the information may include evidence that could exculpate him in his ongoing criminal proceedings.

In late May 2020, the State Bar responded to Tarbutton's letter, which it characterized as a request for information under the CPRA. The State Bar denied the request, explaining that the sought-after records consisted of "State Bar disciplinary complaints and investigatory records," which were confidential and exempt from disclosure under former section 6254,

---

[1] All further undesignated statutory references are to the Government Code.

subdivision (f) (now section 7923.600[2]) of the CPRA and Business and Professions Code section 6086.1, subdivision (b).

In early June 2020, Tarbutton sent a second letter to the State Bar. He claimed that he was entitled to disclosure of the requested records under section 7923.605, which requires law enforcement agencies to disclose certain investigatory information to crime victims. Tarbutton also objected to the State Bar characterizing his letter as solely a request for information under the CPRA. Tarbutton asserted that the due process and equal protection clauses of the United States Constitution, federal law, and Business and Professions Code section 6001.1 independently required the State Bar to disclose to him the records of its investigation of Lund.

In mid-June 2020, the State Bar again denied Tarbutton's request for information concerning its investigation of Lund. The State Bar advised Tarbutton that under Business and Professions Code section 6086.5, it was not subject to the CPRA because it was an agency within the judicial branch. The State Bar also continued to assert that information about its investigation of Lund was exempt from disclosure under

---

[2] The CPRA was previously codified as section 6250 et seq., but it has since been recodified as section 7921.000 et seq. (Stats. 2021, ch. 614, § 2.) The recodification was "intended to be entirely nonsubstantive in effect," and does not "substantively change the law relating to inspection of public records." (§ 7920.100.) Although some of the parties' and the trial court's filings below cite to the CPRA as it was formerly codified, we hereafter refer to the relevant provisions of the CPRA using their current numbers.

section 7923.600 and Business and Professions Code section 6086.1, subdivision (b).

## 2. Tarbutton's lawsuit

In October 2022, Tarbutton filed a complaint against the State Bar, asserting a single cause of action for negligence. Tarbutton alleged the State Bar breached its duties under the CPRA and unspecified provisions of the State Bar Act by refusing to disclose information about its investigation of Lund. Tarbutton requested declaratory and injunctive relief, including an order requiring the State Bar to disclose: (1) the amounts, sources, and dates of restitution payments made by Lund; (2) "dates, amounts, and sources of any payments made by or on the behalf of [Lund] after September of 2010 for fines, penalties, damages, errors, omissions and/or any compensation relating to any misconduct of [Lund] committed during his course of practice"; and (3) "all correspondence by and between the Orange County District Attorney's Office and the [State Bar] related to [Lund] regardless of the dates and timing of such writings." Tarbutton asserted that he had standing to file his complaint under section 7923.000 of the CPRA.

After the State Bar demurred to Tarbutton's complaint, the matter was reassigned to the Writs and Receivers Department of the Los Angeles County Superior Court. The trial court sustained the demurrer without leave to amend. First, the court found that any records concerning the State Bar's investigation of Lund were exempt from disclosure under the CPRA by section 7923.600, subdivision (a), which applies to investigatory files compiled by a state or local agency for licensing purposes. The court also found that section 7923.605, subdivision (a)'s exception requiring law enforcement agencies to disclose certain

4

investigatory information to crime victims did not apply because the State Bar is not a law enforcement agency.

Second, the court rejected Tarbutton's assertion that constitutional principles, including those outlined in *Brady v. Maryland* (1963) 373 U.S. 83, required the State Bar to provide Tarbutton with the records of its investigation of Lund. The court found that Tarbutton was no longer a criminal defendant because he had already been convicted of a crime. To the extent Tarbutton could be considered a criminal defendant, the court explained, "any due process right that [he] has to obtain documents applies in his . . . criminal case" and has "nothing to do with a California agency's obligation to produce requested records under the CPRA."

Finally, the court found that Tarbutton could not state a claim for negligence because neither the CPRA nor any other provision of law imposed upon the State Bar an independent duty of care that would require it to disclose to Tarbutton the records concerning its investigation of Lund.

On August 2, 2023, the State Bar mailed to Tarbutton notice of entry of the court's order sustaining the State Bar's demurrer without leave to amend.

On August 11, 2023, Tarbutton filed a motion for reconsideration of the court's ruling on the State Bar's demurrer. Tarbutton asserted that he was deprived of a meaningful opportunity to prepare for the hearing on the demurrer because, at that hearing, the court relied on factual and legal theories that were not addressed in its tentative ruling. Tarbutton also argued that the court erred when it found he did not have a due process right under *Brady* to compel disclosure of the State Bar's investigatory materials through his underlying civil lawsuit.

5

On October 3, 2023, the court denied Tarbutton's reconsideration motion. The court acknowledged that Tarbutton was a criminal defendant with due process rights, but it reiterated that those rights do "not impose an obligation on a California agency to produce records in a separate CPRA case." The court then dismissed without prejudice Tarbutton's complaint.

On October 4, 2023, the State Bar mailed to Tarbutton notice of entry of the court's order dismissing his complaint. The State Bar mailed to Tarbutton a second notice of entry of the court's order dismissing his complaint on October 10, 2023.

On November 21, 2023, Tarbutton filed a notice of appeal from the court's order dismissing his complaint.

## DISCUSSION

"A trial court's order is appealable when it is made so by statute." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal. (*MinCal Consumer Law Group v. Carlsbad Police Dept.* (2013) 214 Cal.App.4th 259, 263 (*MinCal*).)

Relevant here, section 7923.500 states that "[a]n order of the court, either directing disclosure by a public official or supporting the decision of the public official refusing disclosure, is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ." (§ 7923.500, subd. (a).) Section 7923.500 "unambiguously forecloses an appeal and instead expressly authorizes a writ as the sole and exclusive means to challenge the trial court's ruling"

6

on an action to enforce a person's right to disclosure of public records under the CPRA. (*MinCal*, *supra*, 214 Cal.App.4th at pp. 263–264.)

A writ petition challenging an order either directing disclosure, or supporting the decision refusing disclosure, of public records must be filed within 20 days of service of notice of entry of that order, or within an additional 20 days as the trial court may allow for good cause. (§ 7923.500, subd. (b).) "If the notice is served by mail, the period within which to file the petition shall be increased by five days." (*Id.*, subd. (c).) These deadlines are "mandatory and jurisdictional." (*MinCal*, *supra*, 214 Cal.App.4th at p. 264.) Accordingly, "if a writ petition is not filed within the time limit, we are without power to review the merits of the trial court's ruling." (*Ibid.*)

Tarbutton contends his appeal is taken from an appealable order or judgment. Specifically, he asserts that the State Bar misconstrued his letters seeking information about the agency's investigation of Lund as CPRA requests. Instead, Tarbutton claims, those requests sought to enforce his constitutional rights as a criminal defendant to "material evidence" in possession of a state agency. Tarbutton argues we have jurisdiction to consider this appeal because his lawsuit sought to enforce those constitutional rights, and the court's order sustaining the State Bar's demurrer "rendered judgment on the constitutional issues of disclosure and obligation." This argument is misguided.

The California Supreme Court has explained that by enacting, among other provisions, sections 7923.000 and 7923.100, the Legislature established "the exclusive procedure" for "litigating disputes regarding a person's right to obtain disclosure of public records under the [CPRA]." (*Filarsky v.*

7

*Superior Court* (2002) 28 Cal.4th 419, 433 (*Filarsky*) [discussing former sections 6258 and 6259].)  Indeed, Tarbutton alleged in his complaint that he has standing to bring this lawsuit under former section 6258 (now section 7923.000), which authorizes the institution of "a proceeding for injunctive or declarative relief, or for a writ of mandate, in any court of competent jurisdiction, to enforce that person's right under [the CPRA] to inspect or receive a copy of any public record or class of public records." (§ 7923.000.)  Tarbutton also alleged throughout his complaint that the State Bar violated the CPRA by failing to disclose records of its investigation of Lund, and he sought an order compelling the State Bar to disclose those records.  (See § 7923.100 [a court must order a public official to disclose public records when those records are being improperly withheld].) In addition, Tarbutton requested a judicial declaration defining the State Bar's obligations "under the [CPRA]."

In short, Tarbutton's lawsuit sought to litigate his "right to obtain disclosure of public records under the [CPRA]."  (*Filarsky*, *supra*, 28 Cal.4th at p. 433.)  Consequently, the court's order sustaining the State Bar's demurrer is one that supports the State Bar's decision refusing disclosure of its records concerning the Lund investigation.  That order, therefore, is not appealable and may only be challenged via a petition for an extraordinary writ.  (§ 7923.500.)

While we have discretion to construe a notice of appeal as a petition for an extraordinary writ, the notice of appeal must be filed within the statutory period for filing a writ petition for us to have jurisdiction over the matter.  (*Committee to Support Recall of Gascón v. Logan* (2023) 94 Cal.App.5th 352, 370–371.)  Here, the State Bar mailed to Tarbutton notice of entry of the court's

8

order on August 2, 2023, which triggered the 25-day period to file a writ petition.  (§ 7923.500.)  Tarbutton filed his notice of appeal on November 21, 2023, well after the time to file a writ petition expired.

Although Tarbutton filed a motion for reconsideration of the court's order on August 11, 2023, the filing of a motion for reconsideration does not extend the time for seeking writ review. (*Schmidt v. Superior Court* (1989) 207 Cal.App.3d 56, 61; *Bensimon v. Superior Court* (2003) 113 Cal.App.4th 1257, 1259.) But even if the motion for reconsideration did extend that time, Tarbutton's notice of appeal was still untimely.  The court denied Tarbutton's reconsideration motion on October 3, 2023, and it dismissed his complaint that same day.  The State Bar mailed notice of entry of the court's dismissal order on October 4, 2023, and it mailed a second notice of entry of that order on October 10, 2023.  Assuming the time to file a writ petition began when the State Bar sent the October 10, 2023 notice, Tarbutton had until November 6, 2023 to file his writ petition.  Tarbutton filed his notice of appeal more than two weeks after that date.

Before oral argument, we issued our tentative opinion in this case, which informed the parties that we would not entertain further briefing or grant a continuance based on the issuance of the tentative opinion.  Tarbutton thereafter filed a motion to augment the record with a copy of the reporter's transcript from the trial court's October 3, 2023 hearing.  According to Tarbutton, the transcript was relevant to addressing our tentative opinion because the trial court apparently informed him at that hearing that this matter was appealable.  We denied Tarbutton's motion. At oral argument, Tarbutton renewed his request to augment the

9

record with a copy of the October 3, 2023 reporter's transcript, we which denied.

Even if we were to assume that the October 3, 2023 reporter's transcript confirms that the trial court told Tarbutton that its order supporting the State Bar's decision refusing to disclose records of its investigation of Lund was appealable, the court's statement to that effect does not change the fact that the order is not appealable. As we noted above, whether a trial court's order is appealable is dictated by statute, not by statements that the court or one of the parties may have made in connection with the challenged order. (See *Griset*, *supra*, 25 Cal.4th at p. 696.) Here, section 7923.500 states that an order supporting a public official's refusal to disclose records is not an appealable order and may only be challenged by a timely writ petition. (§ 7923.500, subds. (a) & (b); see also *MinCal*, *supra*, 214 Cal.App.4th at pp. 263–264.)

Where, as here, a " 'party fails to file a writ petition within the statutory time limit . . . , and where that party further fails to request an extension of time for filing the writ petition from the superior court, the failure to file the writ petition even by a single day is fatal because the time limits for writ review are jurisdictional.' " (*MinCal*, *supra*, 214 Cal.App.4th at p. 265.) Because Tarbutton did not timely seek review of the court's order supporting the State Bar's decision refusing to disclose records of its investigation of Lund, we lack jurisdiction over this matter.[3] (*Ibid*.)

---

[3]     Because we lack jurisdiction to consider this appeal, we deny Tarbutton's October 15, 2024 request for judicial notice of a news release from the State Bar's website titled, "State Bar of

10

## DISPOSITION

The appeal is dismissed.  Neither party shall recover its costs on appeal.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

WILEY, J.

---

California Releases Reports Detailing Past Unethical Conduct in Handling Girardi Complaints."